# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0073, <u>In the Matter of Ahmed Olama and Icel Khater</u>, the court on July 20, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Icel Khater, appeals a final decree and parenting plan issued by the Circuit Court (<u>Introcaso</u>, J.) in her divorce from the petitioner, Ahmed Olama.  <u>See</u> RSA 458:16-a (2004); RSA 461-A:4, :14 (Supp. 2014).  We construe the respondent's brief to argue that the trial court erred by:  (1) ordering the petitioner to pay $50.00 per month in child support; (2) awarding the petitioner the 2012 Jeep; and (3) allowing the petitioner one overnight every other weekend with the parties' children.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  It is the respondent's burden on appeal to provide a record that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court.  <u>Id</u>.  Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court.  <u>Id</u>.

In this case, the respondent has not supplied a transcript of the hearing before the trial court.  Thus, we cannot determine what evidence was offered or what arguments were raised.  <u>See</u> <u>Bean</u>, 151 N.H. at 250.  Therefore, we assume that the evidence was sufficient to support the trial court's determinations.  <u>Id</u>.  We review the trial court's order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**